UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELRADER BROWNING, III,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. BURKHART, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-0978 AC P<br><br><br>ORDER |

　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.[1] ECF Nos. 1, 2, 7, 15. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff has also filed a motion for a settlement conference. ECF No. 11.

　　　For the reasons stated below, Plaintiff will be given the opportunity either to amend the complaint or to proceed on the cognizable claims identified herein. In addition, Plaintiff's motion for a settlement conference will be denied as premature.

////

---

[1] The Court notes that Plaintiff has filed both an original complaint and a First Amended Complaint ("FAC"). See ECF Nos. 1, 15. A comparison of the two documents reveals that they are identical. Because the FAC is later filed, the Court will refer to it in this screening order. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (amended complaint supersedes original) overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

I.  SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.  PLAINTIFF'S COMPLAINT

Plaintiff, currently an inmate at Kern Valley State Prison ("KVSP"), raises Eighth Amendment excessive force, cruel and unusual punishment, and deliberate indifference claims against Defendants M. Burkhart, M. Liddell, K. Xiong, G. Collinsworth, J. Hulslander and R. Sharp. See ECF No. 15 at 1. The claims appear to stem from a beating Plaintiff received in January 2020 and a contemporaneous administrative segregation cell placement. See generally

1  id. at 3-4. All the Defendants are correctional officers at New Folsom State Prison ("NFSP").

2  See id. at 3. Plaintiff seeks $50,000.00 in punitive damages from each Defendant. See id.

### III. CLAIMS FOR WHICH A RESPONSE WILL BE REQUIRED

Plaintiff contends that Defendants violated his Eighth Amendment right to be free from excessive force when, in January 2020, they brutally beat him in his cell while his hands were cuffed behind his back in retaliation for Plaintiff's attempted murder of a correctional officer at KVSP. See ECF No. 15 at 3. As a result of the beating, Plaintiff was left with serious bruises and swelling to his eye, face, and mouth. See id. Plaintiff further contends that the actions Defendants took against him were not done to restore discipline. Rather, he alleges, they were done maliciously and sadistically with intent to cause him harm. See ECF No. 15 at 3.

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (brackets added) (referencing Whitley v. Albers, 475 U.S. 312 (1986)).

Based on the facts provided, Defendants' acts of slamming Plaintiff to the ground and subsequent punching and kicking him while he was in restraints (see ECF No. 15 at 3) do not appear to be a good faith effort to restore discipline. Therefore, Defendants will be required to respond to these claims.

### IV. FAILURE TO STATE A CLAIM

Plaintiff also claims that his Eighth Amendment rights to be free from cruel and unusual punishment and to be free from deliberate indifference to serious medical need were violated when, for approximately ten days, Defendants placed him in a cell at NFSP that had no running hot water, lights, or power. See ECF No. 15 at 4. He states he was without clothing or bedding and that he had no sanitary toilet to use. See id. He further asserts that his multiple pleas to be moved to another cell were ignored; that Defendants acted with deliberate indifference to his serious medical needs, and that as a result, he was not given medical attention. See id.

////

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). This second prong... "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

Unlike Plaintiff's excessive force claim, the Eighth Amendment cruel and unusual punishment and deliberate indifference to serious medical need claims are vague with respect to which act or omission was done by each Defendant. See generally ECF No. 15 at 4. First, it is unclear in the FAC whether Plaintiff's placement in the cell that had no running hot water, lights or power was related to the beating he received by Defendants, and it is unclear whether the two incidents were close in time to one another. In addition, when speaking of his placement in the dilapidated cell and of the denial of medical treatment, Plaintiff simply refers to "these [sic] group of prison officials," and "the officials that [he is] suing." See id. (brackets added). He does not identify which Defendants made the decision to place him in the cell; which Defendants ignored his requests to be moved to another cell; which Defendants ignored his requests for clothing, hot running water, or lights; or which Defendants ignored any requests he may have made to receive medical treatment. See generally id.

For these reasons, Plaintiff's cruel and unusual punishment and deliberate indifference to serious medical need claims do state claims upon which relief may be granted. Plaintiff, however, will be given the opportunity to amend the FAC if he desires. In the alternative, he may opt to proceed solely on the cognizable excessive force claims. A document that will enable Plaintiff to inform the Court of how he would like to proceed is attached to this order.

### V. MOTION FOR SETTLEMENT CONFERENCE

Plaintiff has filed a letter in which he asks the Court to set up a settlement conference for this matter. See generally ECF No. 11. Because Plaintiff has yet to file a complaint that can be served on Defendants, i.e., one in which all claims are cognizable – which is a threshold requirement – Plaintiff's request for a settlement conference is premature and will be denied as such.

### VI. LEAVE TO AMEND

Plaintiff will be given the opportunity to amend the complaint. If he chooses to file an amended complaint, the Court will dismiss the instant complaint without prejudice, and the newly filed amended complaint will take its place. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (stating amended complaint supersedes original complaint). Any amended complaint filed should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George, 507 F.3d at 607.

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

////

VII. <u>PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT</u>

You have stated a viable Eighth Amendment excessive force claim against Defendants. You have not, however, stated viable Eighth Amendment cruel and unusual punishment or deliberate indifference claims against them. In order to do so, with respect to each of those claims, you must identify which Defendants did what to you, for example, which Defendants placed you in the dilapidated cell or made the decision regarding the placement; which Defendants refused to act when you asked to be moved to a different cell and/or when you asked for hot water, clothing and power; which Defendants failed to get you the proper medical treatment, and so forth.

You may proceed only on the viable excessive force claims against Defendants if you would like, or you may amend the complaint to provide the Court with more information about the cruel and unusual punishment and deliberate indifference claims. If you choose to amend the complaint, you will be given thirty days to do so. **Any claims not in the amended complaint will not be considered.** You must complete the attached notification telling the Court what you would like to do and return it. Once the Court receives the notice, it will issue an order telling you what you need to do next (e.g., file an amended complaint or wait for Defendants to be served).

Accordingly, IT IS HEREBY ORDERED that:

1. The Court has screened the complaint and finds that Plaintiff's general allegations against Defendants M. Burkhart, M. Liddell, K. Xiong, G. Collinsworth, J. Hulslander and R. Sharp do not state claims for which relief may be granted;

2. Plaintiff has the option to proceed immediately on his Eighth Amendment excessive force claim against Defendants M. Burkhart, M. Liddell, K. Xiong, G. Collinsworth, J. Hulslander and R. Sharp, dismissing all other claims;

3. Within fourteen days of service of this order, Plaintiff shall complete and return the attached form notifying the Court whether he would like to proceed on the screened complaint, or whether he would like to file a Second Amended Complaint. If Plaintiff does not return the form within the time allotted, the Court will assume that he is choosing to proceed on the complaint as

screened, and it will recommend dismissal without prejudice of the Eighth Amendment cruel and unusual punishment and deliberate indifference claims that have been generally alleged against Defendants M. Burkhart, M. Liddell, K. Xiong, G. Collinsworth, J. Hulslander and R. Sharp, and

    4.   Plaintiff's motion for a settlement conference (ECF No. 11) is DENIED as premature.

DATED: March 1, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELRADER BROWNING, III,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. BURKHART, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-0978 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　<u>CHECK ONE</u>:

　_____　Plaintiff would like to proceed immediately on his Eighth Amendment excessive force claims against Defendants M. Burkhart, M. Liddell, K. Xiong, G. Collinsworth, J. Hulslander and R. Sharp.  By choosing to go forward without amending the complaint, Plaintiff understands that he is voluntarily dismissing without prejudice his Eighth Amendment cruel and unusual punishment and deliberate indifference claims against Defendants M. Burkhart, M. Liddell, K. Xiong, G. Collinsworth, J. Hulslander and R. Sharp pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

　_____　Plaintiff would like to amend the complaint.

DATED: _____

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　ELRADER BROWNING, III
　　　　　　　　　　　　　　　　　　　　　Plaintiff Pro Se