UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELRADER BROWNING, III,<br><br>        Plaintiff,<br><br>    v.<br><br>M. BURKHART, et al.,<br><br>        Defendants. | No.  2:21-cv-0978 AC P<br><br><br><br>ORDER |

Plaintiff has filed a second amended complaint, ECF No. 24, and a motion for the appointment of counsel, ECF No. 28.  For the reasons stated below, plaintiff will be given the option of either serving the complaint as screened herein or filing an amended complaint.  In addition, plaintiff's motion for the appointment of counsel will be denied.

    I.    <u>MOTION FOR THE APPOINTMENT OF COUNSEL</u>

In support of plaintiff's motion for the appointment of counsel, he states that he is unfamiliar with the law.  ECF No. 28 at 2.  He contends that as a result, he may not be able to properly explain his case.  <u>Id.</u>  Plaintiff also states that he "did not graduate from school."  <u>Id.</u>

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017

1  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

2  Plaintiff's lack of education is insufficient to support a grant of the appointment of
3  counsel.  The law is clear:  neither plaintiff's indigence, nor his lack of education, nor his lack of
4  legal expertise warrant the appointment of counsel.  See Wood, 900 F.2d at 1335-36; see also
5  Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (finding court was within its discretion
6  when it denied appointment of counsel to sixty-year-old appellant proceeding in forma pauperis
7  with no background in law who thoroughly presented issues in petition).

8  For this reason, the court does not find the required exceptional circumstances.  Therefore,
9  plaintiff's request for the appointment of counsel will be denied.

10  II.   SCREENING REQUIREMENT

11  The court is required to screen complaints brought by prisoners seeking relief against a
12  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
13  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
14  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
15  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).
16  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.
17  Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.
18  1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably
19  meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at
20  327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an
21  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);
22  Franklin, 745 F.2d at 1227.

23  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
24  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
25  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
26  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
27  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
28  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. CLAIMS FOR WHICH A RESPONSE WILL BE REQUIRED

#### A. Claim One: Excessive Force

##### 1. Relevant Allegations

In Claim One, plaintiff alleges that on January 1, 2020, defendant correctional officers M. Burkhart, M. Liddell, K. Xiong, J. Hulslander, and R. Sharp, all of whom were employed at New Folsom State Prison – Sacramento at the time, violated his Eighth Amendment right to be free from excessive force when they beat and kicked him after he had been taken out of his cell. ECF No. 24 at 4. The attack was in retaliation for an incident in which plaintiff was accused of attempted murder of a peace officer at Kern Valley State Prison. Id. Supervising Sergeant G. Collinsworth witnessed the assault but did nothing to stop the assault. See id.

As a result of the beating, plaintiff had a broken eye socket, a concussion, swelling in his face, and a broken wrist. In addition, plaintiff states that he is losing his vision in his right eye and that he has nerve damage in his right wrist. Id.

##### 2. Discussion

Prison officials may not use excessive physical force against prisoners. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (brackets added) (referencing Whitley v. Albers, 475 U.S. 312 (1986)).

The allegations against defendants Burkhart, Liddell, Xiong, Hulslander, and Sharp state a claim for excessive force under this standard. As for defendant Collinsworth's failure to act, prison officials have an affirmative duty to intervene to protect those in custody from constitutional abuses by their fellow officers. See United States v. Reese, 2 F.3d 870, 887-88 (9th Cir. 1993); Ting v. United States, 927 F.2d 1504, 1511 (9th Cir. 1991). As a supervisor of the

other defendants, defendant Collinsworth is "liable for constitutional violations of his subordinates if he participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

For these reasons, plaintiff has raised cognizable Eighth Amendment excessive force claims against these defendants. Accordingly, they will be required to respond to the complaint.

### B. Claim Two: Unconstitutional Conditions

#### 1. Relevant Allegations

In Claim Two, plaintiff alleges that defendants Liddell, Xiong, Hulslander, Sharp, and Collinsworth deprived him of his Eighth Amendment right to basic necessities when, for ten days in December 2019, they housed him in a cell that had been "redlined," had been determined to be "unconstitutional," and had been ordered closed in Sacramento. ECF No. 24 at 5, 9. Plaintiff was placed in this cell after he had been beaten by defendants. See id. at 10.

The cell had no running hot water, no lights, and no power. ECF No. 24 at 5, 9. During the period plaintiff was in this cell, basic necessities such as hygiene items (e.g., toothbrush, soap, hot water), sanitary food, warm clothing and bedding, and reasonable cell temperatures were denied to him. Id. at 9. The cell conditions prevented plaintiff from being able to read in the space or move around in it. Id. Plaintiff lost his ability to distinguish day from night, and the conditions contributed to his depression. Id. Weeks before plaintiff was held in the cell, he had asked each of these defendants[1] not to be moved there, but his requests were denied. ECF No. 24 at 5, 10. Ultimately, it took the involvement of Internal Affairs to get plaintiff moved to a different cell. Id. at 10.

#### 2. Discussion

"The Eighth Amendment proscribes the infliction of cruel and unusual punishment on prisoners. Whether a particular event or condition in fact constitutes 'cruel and unusual

---

[1] In Claim Two of the SAC, plaintiff states that in addition to asking defendants Collinsworth, Liddell, Hulslander, Sharp and Xiong about not moving him to the cell, he also asked a "Captain Rilley." See ECF No. 24 at 5. Rilley, however, is not listed as a defendant in this action. See id. at 1-3. If plaintiff intended to name Captain Rilley as a defendant, should he choose to amend the complaint, he must formally name Rilley as a defendant in it.

punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.' " Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000) (quoting Hudson, 503 U.S. at 8). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson, 503 U.S. at 9. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Unsanitary conditions can constitute an infliction of pain within the meaning of the Eighth Amendment. Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir.), opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir. 1995). Likewise, light and warmth and space to move are among the minimal civilized measure of life's necessities. Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise. Wilson, 501 U.S. at 304. Short term or temporary deprivations, however, may not rise to the level of an Eighth Amendment violation. Anderson, 45 F.3d at 1313-15.

The undersigned makes no finding here whether plaintiff's ten-day period of confinement in the offending cell was of sufficient duration to implicate the Eighth Amendment. However, plaintiff also alleges that the cell had been deemed uninhabitable, which supports an inference as to the severity of the combination of conditions. Accordingly, the undersigned finds for purposes of screening that the allegations are adequate to state a cognizable claim against defendants Liddell, Xiong, Hulslander, Sharp, and Collinsworth. These defendants will be required to respond to this claim.

    IV.   FAILURE TO STATE A CLAIM:

        A. Claim Three: Relevant Allegations

Claim Three, alleging deliberate indifference to plaintiff's medical needs, fails to state a claim upon which relief may be granted. Plaintiff states, "they are all now saying that I had originally refuse[d] medical care" in the prison 115 rule report which "was a clear lie." ECF No. 24 at 6. Plaintiff only received medical attention after Internal Affairs came and videotaped his injuries. This proved that he was injured, and prevents the officers from contending that plaintiff

had no injuries and that he did not need medical care. Id. "This was all just one big major crisis of events with many different layers all stack on top of each other involving all of the meantion defendant over a 10 day period." Id. Plaintiff was harassed until he filed a grievance and Internal Affairs became involved. Id.

### B. Discussion

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104–05 (1976) (internal citations, punctuation and quotation marks omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.' " Wood, 900 F.2d at 1334 (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

To state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," evidence must exist to show the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted).

Plaintiff asserts a claim of deliberate indifference in general terms, but fails to state precisely how each defendant was deliberately indifferent to his serious medical needs. See ECF No. 24 at 6. His blanket statement referencing "all the mentioned defendants" (id.) is insufficient to state viable claims against any of them. Instead, plaintiff must identify each defendant and then state with specificity what each of them did or did not do that he believes demonstrates that

////

they were deliberately indifferent to his serious medical needs. Because he has not done so, this claim cannot be served.

## V. OPTIONAL LEAVE TO AMEND

Plaintiff is being given the option of amending the complaint. As a result, he may *either:* (1) proceed immediately on Claim One (excessive force) and Claim Two (cruel and unusual punishment), *or* (2) amend the complaint a ***final*** time in an attempt to state Eighth Amendment deliberate indifference to serious medical needs claims (Claim Three) against the other defendants. A form is attached to this order that plaintiff should return to the court to indicate which of these two options he chooses.

If plaintiff chooses to file an amended complaint, it will take the place of the second amended complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (2012) (stating amended complaint supersedes original complaint). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

### VI. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your motion for the appointment of counsel is being denied. The facts that you are not familiar with the law and that you did not finish school are not "extraordinary" and so do not support the appointment of counsel.

Claims One (excessive force) and Two (unconstitutional cell conditions) state claims for relief. If you wish, you may drop Claim Three (deliberate indifference to medical needs) and proceed immediately on Claims One and Two. If you want to do that, the court will order service of the complaint right away.

Claim Three does not provide specific enough information to show that any of the defendants were deliberately indifferent to your serious medical needs. To support that claim, you will have to clearly identify the actions each defendant took that violated your rights, and facts that show each defendant's state of mind at the time. You may, if you wish, delay service of the lawsuit and amend your complaint to try to fix the problems with Claim Three.

To let the court know what you want to do, please return the notice form attached to this order. If you choose to proceed solely on Claims One and Two, you will be voluntarily dismissing Claim Three. If you choose to amend the complaint, you will be given thirty days to do so.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 28) is DENIED.

2. The court has screened the complaint pursuant to 28 U.S.C. § 1915A and finds that plaintiff has stated viable Eighth Amendment claims of excessive force (Claim One) and unconstitutional cell conditions (Claim Two) against defendants M. Burkhart; M. Liddell; K. Xiong; J. Hulslander; R. Sharp and G. Collinsworth as stated herein. These claims may be served.

3. Plaintiff has not, however, stated a viable Eighth Amendment deliberate indifference to serious medical needs claim (Claim Three) against any defendant.

4. Within fourteen days of the date of this order, plaintiff shall complete and file the Notice of How to Proceed form with the court. If plaintiff does not return the form within that

period, the court will assume that he is choosing to proceed on the complaint as screened, and it will recommend dismissal without prejudice of Claim Three.

    5. If plaintiff chooses to amend the complaint, he will have thirty days from the date of this order to file the amended pleading. Plaintiff is cautioned that failure to file any amended complaint within thirty days may result in a recommendation that this matter be dismissed.

DATED: June 26, 2023

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELRADER BROWNING, III,<br><br>                    Plaintiff,<br><br>     v.<br><br>M. BURKHART, et al.,<br><br>                    Defendants. | No.  2:21-cv-0978 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

<u>CHECK ONE</u>:

_____  Plaintiff would like to proceed immediately on his Eighth Amendment excessive force and cruel and unusual punishment claims (Claims One and Two) as screened against defendants M. Burkhart; M. Liddell; K. Xiong; J. Hulslander; R. Sharp, and G. Collinsworth.  Plaintiff understands that by choosing to go forward without amending the complaint, he is voluntarily dismissing his Eighth Amendment deliberate indifference to serious medical needs claims (Claim Three) against any and all defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

_____  Plaintiff would like to amend the complaint.

DATED: _____

_____
ELRADER BROWNING, III
Plaintiff Pro Se